IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN DOE,

          Plaintiff,

v.                                              CIVIL ACTION NO. 3:25-0743

MARSHALL UNIVERSITY
BOARD OF GOVERNORS and
KELLY AMBROSE, in her individual
and official capacities,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff John Doe's Motion to Proceed Anonymously. ECF No. 5. For the following reasons, the Court **GRANTS** the motion.[1]

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). This rule helps protect the public's interest in full disclosure, openness, and knowing the litigants' names. *Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014) (citations omitted). Nevertheless, pseudonyms are permitted in "rare" and "exceptional" circumstances in which there are "sufficiently critical" "privacy or confidentiality concerns" that warrant anonymity. *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (internal quotation marks, italics, and citations omitted).

---

[1] The Court recognizes that Defendants Marshall University Board of Governors (MUBOG) and Kelly Ambrose, the University's Title IX investigator, have not yet been served a copy of the Complaint. If, after they are served, Defendants seek to challenge Plaintiff proceeding anonymously, they may file an appropriate motion for the Court's consideration.

While a decision of whether a party should be permitted to proceed anonymously lies within the sound discretion of the district court,[2] the Fourth Circuit in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), set forth a nonexhaustive list of five factors that should be considered in making such a determination. These factors are:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, [5] relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

6 F.3d at 238 (citations omitted). Additionally, the district court should consider whether anonymity may prejudice the opposing party. *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014).

Applying these guidelines, the Court finds, on balance, Plaintiff should be permitted to proceed anonymously. First, Plaintiff is not seeking to be anonymous merely because he wants to avoid criticism or annoyance. Rather, Plaintiff was a student at Marshall University and alleges that Defendants breached his constitutional, statutory, and contractual rights after he was wrongfully accused by three other students of engaging in inappropriate sexual conduct and stalking. Given the sensitive and highly personal nature of the allegations against Plaintiff, which he asserts are untrue, the Court finds this first factor weighs in favor of allowing him to proceed anonymously.

As to the second *James* factor, Plaintiff alleges in his Complaint that he has experienced and continues to be subject to retaliatory harm. Plaintiff states that Alleged Victim #1's

---

[2] *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024).

"ex-boyfriend and several of his acquaintances showed up to Plaintiff's apartment attempting to break in and threatening to physically harm Plaintiff. They encouraged Plaintiff to self-harm himself." *Compl.* ¶52, in part. He also asserts an anonymous caller contacted places where he has worked and volunteered and related false allegations of sexual misconduct against him, resulting in him losing jobs and his volunteer opportunity. *Id.* ¶¶87, 93. Plaintiff further states he has experienced extreme emotional distress and has sought psychiatric treatment. *Id.* ¶¶182, 185. Given these allegations, it is not difficult to imagine that Plaintiff may experience additional physical and mental harm if his name is publicized for bringing this lawsuit. Therefore, the Court finds this factor weighs in favor of his motion.

Under the third *James* factor, the Court finds Plaintiff is an adult. Therefore, the Court finds that his age is a neutral factor in determining whether he should be able to proceed under a pseudonym. *See Doe v. Cabell Huntington Hosp., Inc.*, Civ. Act. No. 3:23-0437, 2023 WL 8529079, *3 (S.D. W. Va. Dec. 8, 2023) (finding age a neutral factor where the plaintiff is not a minor).

The fourth *James* factor asks whether the defendant is a governmental or private party. While courts are more likely to permit a plaintiff to proceed using a pseudonym against a university as it is less susceptible to reputation harm than a private party and a lawsuit arguably serves the public interest by vindicating rights, an action "against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs[.]" *Doe v. Virginia Polytechnic Inst. & State Univ.*, Civ. Act. No. 7:19-00249, 2020 WL 1287960, at *4 (W.D. Va. Mar. 18, 2020) (citations omitted). Here, Plaintiff has sued Ms. Ambrose, in both her individual and official capacity, and the MUBOG. Although Plaintiff's action against Ms. Ambrose in her official capacity and the University weighs in favor of allowing

Plaintiff to proceed using a pseudonym, his action against Ms. Ambrose in her individual capacity weighs in the other direction. In fact, a major focus of the Complaint is the manner in which Ms. Ambrose handled the matter, and Plaintiff has named her in seven of the eight counts in the Complaint.[3] Thus, the Court finds this factor generally weighs against anonymity because of Ms. Ambrose's interest in her individual capacity.

As to the fifth *James* factor, the Court considers any risk of unfairness Defendants may experience by allowing Plaintiff to continue using a pseudonym. In this case, the Court has no doubt that Defendants know Plaintiff's actual name given the detailed allegations in the Complaint and that they can defend against these claims. Therefore, at this point, the Court finds this factor weighs in favor of anonymity on this basis.

Accordingly, upon careful consideration of the above factors and the information currently before the Court, the Court concludes that Plaintiff's privacy interests are significant and outweigh any counterbalancing interest of Defendants and the public's interest in full disclosure, openness, and knowing Plaintiff's name. Therefore, the Court finds this situation is one of those rare circumstances in which anonymity is appropriate, and the Court **GRANTS** Plaintiff's motion to proceed using a pseudonym.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   January 28, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that there are two counts numbered "VII" in the Complaint. *Compl.* at 28-29.