**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOHN DOE,

                Plaintiff,

v.                                          CIVIL ACTION NO. 3:25-0743

MARSHALL UNIVERSITY
BOARD OF GOVERNORS,
JESSICA RHODES, in her individual
and official capacities, and
KELLY AMBROSE, in her individual
and official capacities,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Marshall University Board of Governors' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 21), Defendant Kelly Ambrose's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 23), and Plaintiff John Doe's Motion for Leave to File Second Amended Complaint. ECF No. 27.[1] Defendants Marshall University Board of Governors (MUBOG) and Ambrose oppose the motion by Plaintiff. For the following reasons, Plaintiff's motion **IS GRANTED**, and Defendants' motions are **DENIED AS MOOT** and **WITHOUT PREJUDICE**.

On December 18, 2025, Plaintiff filed this action against Defendants, alleging violations of Title IX, 20 U.S.C. § 1681 (Counts I and II), various constitutional violations (Counts III and IV), Abuse of Process (Count V), Aiding and Abetting a violation of the West Virginia Human Rights Act (Count VI), Breach of Contract (Count VII), and Intentional Infliction of Emotional Distress

_____

[1]It appears that Defendant Jessica H. Rhodes has not been served.

(Count VII). On April 2, 2026, Defendants MUBOG and Ambrose filed Motions to Dismiss. Thereafter, on April 16, 2026, Plaintiff filed an Amended Complaint as a matter of course under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure,[2] and this Court entered an Order denying the Motions to Dismiss without prejudice as the original Complaint was no longer operative. *Order*, ECF No. 16.

On April 30, 2026, Defendants MUBOG and Ambrose renewed their motions as to the Amended Complaint. Upon receiving the motions, Plaintiff moved to file a Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. This Rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this Rule, "'[t]he law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."'" *Aljizzani v. Middle E. Broad. Networks, Inc.*, No. 24-1672, 2026 WL 1740863, at \*6 (4th Cir. June 17, 2026) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis omitted); quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

In his motion, Plaintiff states that the proposed Second Amended Complaint corrects an error in the prior Complaints by combining his two Title IX claims into a single cause of action. In addition, the proposed Second Amended Complaint adds "distinct examples for a custom, pattern, or practice of disregarding rules as well as concrete examples of Defendants acting outside their

---

[2]Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course no later than: . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

scope of authority." *Pl.'s Mot. for Leave to File Sec. Am. Compl.* ¶¶4-5. Defendants MUBOG and Ambrose oppose Plaintiff's motion on the grounds that the proposed Second Amended Complaint is futile for the same reasons argued in their prior Motions to Dismiss. Specifically, Defendants MUBOG and Ambrose assert the proposed Second Amended Complaint fails to provide a factual basis sufficient to overcome qualified immunity, sovereign immunity, and other grounds under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In his Reply, Plaintiff insists the changes he makes in the proposed Second Amended Complaint are sufficient to defeat Defendants' motions, but Plaintiff spends little time explaining why that is the case. *See Pl.'s Resp. to Defs.' Opp. to Pl.'s Mot. to File Sec. Am. Compl.*,[3] at 5-6, ECF No. 29. Plaintiff makes no arguments with respect to either of Defendants' immunity arguments and, in fact, asserts he does "not intend[] to argue the details of Defendants' Motion[s] to Dismiss" in his Reply. *Id*. at 6.

As neither of the Motions to Dismiss have a Response and Reply, the Court is left with Defendants asking the Court to find the proposed Second Amended Complaint futile based, at least in part, on arguments that have not been fully briefed and that are directed to different Complaints. Defendants certainly do not bear responsibility for this predicament and have experienced some burden by filing repeated Motions to Dismiss. However, the Court finds Defendants' burden is not so prejudicial that it warrants denying Plaintiff's motion. Additionally, it remains very early in this action,[4] and there is no evidence Plaintiff has acted in bad faith. Given these circumstances and the Court's reluctance to apply Motions to Dismiss that have not been fully briefed and, in any event,

---

[3]Plaintiff entitled his Reply as a "Response" to Defendants' Response. The Court will refer to and treat Plaintiff's "Response" correctly as a Reply.

[4]In his motion, Plaintiff states that a Scheduling Order is in place, but Plaintiff admits in his Reply that he was mistaken. As of now, an Order and Notice has not even been entered.

do not address the changes made in the proposed Second Amended Complaint, the Court finds in the interest of justice that Plaintiff should be permitted to file his Second Amended Complaint.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint. ECF No. 27. As the Amended Complaint is no longer operative, the Court **DENIES AS MOOT** and **WITHOUT PREJUDICE** the Motions to Dismiss the Amended Complaint filed by Defendants MUBOG and Ambrose. ECF Nos. 21 & 23. In doing so, however, the Court cautions Plaintiff that the Court will be much more hesitant to grant any future amendments. The Court very well may find the prejudice Defendants will experience in their repeated efforts to get this case dismissed may warrant denial of any future attempts to amend.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      July 1, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-4-