**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOHN DOE,

Plaintiff,

v. CIVIL ACTION NO. 3:25-0743

MARSHALL UNIVERSITY
BOARD OF GOVERNORS,
JESSICA RHODES, in her individual
and official capacities, and
KELLY AMBROSE, in her individual
and official capacities,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Marshall University Board of Governors's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 32, Def.'s Mot.). For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**.

**BACKGROUND**

For the purpose of ruling on the Board's Motion, the Court accepts the following facts as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When Plaintiff John Doe was a student at Marshall University, three other Marshall students filed misconduct claims against him. ECF No. 31, 2d Am. Compl. ¶ 19; *see id.* ¶¶ 1, 75. One of these students—Jane Roe—claimed Doe had sex with her without her consent. *Id.* ¶ 51. Another student—Reggie Roe—alleged Doe kissed him without his consent. *Id.* ¶ 88. A third student—Jerry Woe—asserted Doe violated a "No Contact" order that required Doe to stay away

from him. *Id.* ¶ 104. Both Jane and Reggie Roe claimed Doe's misconduct occurred off-campus. *See id.* ¶¶ 25, 88, 103.

Defendant Jessica Rhodes, Marshall's Title IX Coordinator, appointed Defendant Kelly Ambrose to investigate the allegations. *Id.* ¶ 27. A panel composed of three faculty members adjudicated each claim. *Id.* ¶ 30. The panel ultimately concluded Doe sexually assaulted Jane Roe and expelled him. *Id.* ¶ 75.

Doe sued, alleging both the panel's decision and Rhodes and Ambrose's conduct violated Title IX of the Education Amendments of 1972, Doe's rights under the Fourteenth Amendment of the United States Constitution, West Virginia tort law, and the West Virginia Human Rights Act (WVHRA). *See id.* ¶¶ 136, 143, 145, 170, 173, 176–78, 186–88, 205, 209, 219, 228, 235, 248 251. Doe also alleges Marshall breached its contract with him. *See id.* ¶¶ 239, 241. The Board has moved to dismiss Doe's claims. *See generally* Def.'s Mot.

**LEGAL STANDARD**

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## ANALYSIS

The Board argues Doe's claims should be dismissed because (1) Doe's claims do not fall under Title IX,[1] (2) the Board is immune from Doe's § 1983 claims, and (3) the Board is immune from Doe's breach-of-contract and intentional-and-negligent-misrepresentation claims.[2] *See* ECF No. 33, Def.'s Mem. 4, 8, 11–12. The Court addresses each argument in turn.

### A. Applicability of Title IX

The Fourth Circuit has explained that "an institution may be held liable for deliberate indifference to known sexual harassment only if it had substantial control over both the harasser and the context of the harassment." *Roe v. Marshall Univ. Bd. of Governors*, 145 F.4th 561, 567 (4th Cir. 2025). The Board argues this substantial-control rule also applies to Doe's Title IX claims. *See* Def.'s Mem. 6. The Court disagrees. In *Roe*, the Fourth Circuit expressly stated the substantial-control requirement applied to deliberate-indifference claims. *See also Feminist Majority Found. v. Hurley*, 911 F.3d 674, 686 (4th Cir. 2018) ("An educational institution can only be liable for *student-on-student sexual harassment* . . . when the institution 'exercises substantial control over both the harasser and the context in which the known harassment occurs.'" (emphasis added) (quoting *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645 (1999))). The Board has not

---

[1] In its Reply, the Board also argues Doe's Title IX claim should be dismissed because Doe has not adequately alleged sex discrimination. *See* ECF No. 44, at 11–12. But since the Board did not raise this argument in its initial brief, the Court will disregard it. *See Suchin v. Fresenius Med. Care Holdings, Inc.*, 715 F.Supp.3d 703, 711 (D. Md. 2024) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." (quoting *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006))).

[2] The Board also argues Doe fails to state an intentional-and-negligent-misrepresentation claim. *See* ECF No. 33, at 13. But since the Court concludes the Board is immune from this claim, it need not address the Board's argument.

In addition, the Board argues (1) the Board is immune from Doe's aiding-and-abetting claim, (2) Doe fails to state an aiding-and-abetting claim and (3) Doe cannot obtain punitive damages from the Board. *See id.* at 15, 17. But Doe does not allege the Board aided and abetted discrimination, *see* 2d Am. Compl. ¶¶ 233–36, and his Complaint does not purport to seek punitive damages against the Board, *see id.* at 45.

identified any cases similar to this one in which a court applied the substantial-control rule.[3] This is unsurprising. "[T]he text of Title IX prohibits *all* discrimination on the basis of sex." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 236 (4th Cir. 2021) (emphasis added). If Title IX prohibits all sex discrimination in the education context, it must prohibit sex discrimination in student-misconduct proceedings, even when the underlying alleged misconduct occurred off-campus. Accordingly, Title IX applies to Doe's claims.

**B. Immunity from § 1983 Claims**

The Board asserts it has sovereign immunity from Doe's § 1983 claims. *See* Def.'s Mem. 11. Doe concedes the Board "is immune from a § 1983 for money damages . . . ." ECF No. 40, Pl.'s Resp. 14. But as he correctly notes, the Board's immunity does not extend to Doe's request for injunctive relief. *See id.*; *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001). Accordingly, the Court will dismiss Doe's § 1983 claims only to the extent they seek money damages from the Board.[4]

---

[3] The Board claims *Feminist Majority* is such a case. *See* ECF No. 44, at 8. But the Court fails to understand how *Feminist Majority* is similar to this case. There, a group of students alleged a university violated Title IX "by being deliberately indifferent to student-on-student sex discrimination . . . ." 911 F.3d at 684. Here, Doe is not alleging deliberate indifference; he instead claims Defendants directly discriminated against him during his misconduct proceedings.

The Board also claims two federal regulations show that the substantial-control rule applies to Doe's claims: "This rule was codified on August 14, 2020, in 34 CFR § 106.44(a), applying Title IX applies to 'locations, events, or circumstances' where 'recipient exercised substantial control over both the respondent and the context.' Notably, dismissal of a Title IX complaint is mandated when the alleged conduct 'did not occur in the recipient's education program or activity.' 34 C.F.R. § 106.45(b)(3)(i)." Def.'s Mem. 5–6. But these quotations are from versions of the regulations which are no longer in effect. *Compare* 34 C.F.R § 106.44 (2020) *with* 34 C.F.R. § 106.44 (2024); *compare* 34 C.F.R. § 106.45 (2020) *with* 34 C.F.R. § 106.45 (2024). Even if they were still in effect, these regulatory provisions do not support the Board's argument. Section 106.44(a) outlines when a recipient may be liable for deliberate indifference, specifically. *See* 34 C.F.R. § 106.44(a) (2020). Section 106.45(b)(3)(i), meanwhile requires a school to dismiss a Title IX complaint when it lacked control over the context in which the alleged Title IX violation occurred. *See* 34 C.F.R. § 106.45(b)(3) (2020). Neither regulation purports to limit schools' liability for sex discrimination.

[4] While Doe's Second Amended Complaint seeks "compensatory and consequential damages" from only Defendants Rhodes and Ambrose, it also seeks "[a]ny legally applicable nominal damages against Marshall . . . ." 2d Am. Compl. 45. The Board's immunity extends to Doe's request for nominal damages. *See Laird v. United Tchrs. L.A.*, 615 F. Supp. 3d 1171 (C.D. Cal. 2022).

### C. Immunity from Contract and Misrepresentation Claims

The Board also asserts it has sovereign immunity from Doe's breach-of-contract and intentional-and-negligent-misrepresentation claims. *See* Def.'s Mem. 11–12. Doe does not dispute this, but he asks the Court to dismiss the claims without prejudice so he can later pursue them in state court. *See* Pl.'s Resp. 16–17. Since the Board has not objected to this request, the Court will dismiss the contract and misrepresentation claims without prejudice.

## CONCLUSION

The Court **GRANTS in part** and **DENIES in part** the Board's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 32). The Court **DISMISSES** Count II of Doe's Second Amended Complaint **with prejudice** to the extent it seeks money damages from the Board. The Court **DISMISSES** Counts V and VII's claims against the Board **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 21, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE